IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| EDDIE MCLAIN, } | |
| } | |
| Plaintiff, } | |
| } | CIVIL ACTION NO. |
| v. } | |
| } | 2:13-cv-0688-WMA |
| UNUM LIFE INSURANCE COMPANY } | |
| OF AMERICA and NEW YORK LIFE } | |
| INSURANCE COMPANY } | |
| } | |
| Defendants. } | |
| } | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion of defendants Unum Life Insurance Company of America ("Unum") and New York Life Insurance Company ("New York Life") to dismiss the action of plaintiff, Eddie McLain ("McLain"). Doc. 3. McLain brought suit against Unum and New York Life for breach of contract and bad faith on March 3, 2013, in the Circuit Court of Shelby County, Alabama, expressly disclaiming any reliance upon or relation to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendants removed the case to this court on April 12, 2013, based on 28 U.S.C. §§ 1331 and 1332. In their notice of removal, defendants assert that McLain's state law claims are preempted by ERISA. For the reasons stated below, defendant's motion will be denied, and McLain's state law claims will remain.

Because McLain's claim is not preempted by ERISA, this court

1

does not have subject matter jurisdiction under 28 U.S.C. § 1331. However, the case will not be remanded because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Thus, the court has subject matter jurisdiction under 28 U.S.C. § 1332.

### Background[1]

McLain is a named insured under a disability policy issued to his former company, Southeastern Learning Systems, Inc. ("SELS"). SELS is an "S" corporation that, at the time McLain's policy was written by New York Life, McLain co-owned with George Perkins ("Perkins"). The policy is administered by Unum. Prior to becoming disabled, McLain was the president and sole owner of SELS, which had learning centers that provided educational tools to students. In or about February 2009, McLain became disabled due to post herpetic neuralgia and trigeminal neuralgia after a severe episode of shingles which required hospitalization. At that time, McLain believed that the subject disability policy only applied to disability brought on by injury, but in June 2011, after he realized that it covered disability due to sickness, he filed a claim for long-term disability benefits. He alleged, and still alleges, that he suffers from debilitating migraine headaches, insomnia, severe chronic pain, and several medication side effects,

---

[1] Because the motion before the court is to dismiss the claims, the court must view the complaint in the light most favorable to the plaintiff.

all of which preclude him from performing the duties of his occupation. On May 30, 2012, UNUM sent McLain a letter denying his claim. McLain appealed this denial, but his appeal was denied on January 11, 2013. McLain alleges that, in violation of the law of Alabama, defendants breached their obligations to McLain under the insurance contract and did so in bad faith.

**The Policy**

In 1993, McLain's company, SELS, applied for and entered into the subject disability insurance contract which provided coverage to McLain in the event he became disabled under the terms of the policy. The original application for the policy stated that McLain owned 37.5% of SELS and that SELS was paying 100% of the premiums. SELS contemporaneously applied for and entered into an insurance contract with New York Life for disability coverage on Perkins, the then co-owner of the business. Perkins's application also indicated that SELS would pay 100% of the premiums. There is no indication that any other SELS employee participated in the coverage. McLain and Perkins later split, resulting in McLain becoming the sole SELS shareholder and only person covered by the New York Life policy.

**Analysis**

Defendants assert that the policy at issue is governed by ERISA so that McLain's state law claims are completely preempted by the remedial scheme in 29 U.S.C. § 1132. Based upon this assertion,

defendants move to dismiss McLain's state law claims, leaving him with ERISA's plan enforcement provision as his only avenue of relief and requiring him, if he wishes to proceed, to recast his complaint in terms of ERISA.

Complete preemption or "super preemption" "arises out of Congress's creation of a comprehensive remedial scheme in [ERISA] for loss or denial of benefits." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F. 3d 1207, 1211 (11th Cir. 1999). As the United States Supreme Court noted in *Davila v. Aetna Health, Inc.*, 542 U.S. 200, 209 (2004), "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Because of this, state law claims for denials of benefits and/or breaches of fiduciary duty under an ERISA plan are completely preempted by ERISA, and federal courts have original jurisdiction over such claims.  However, for complete ERISA preemption to exist, four elements must be established: (1) an ERISA plan must exist; (2) a plaintiff must have standing to sue under the plan; (3) a defendant must be an ERISA entity; and (4) the complaint, in some part, must seek relief that is available under § 1132(a).  *Butero* 174 F.3d at 1212.

The first element, that an ERISA plan exists, is met when there is

> "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries."

*Donovan v. Dillingham*, 688 F. 2d 1367 (11th Cir. 1982). Defendants contend that all of these requirements are met. Plaintiff does not direct his counter-arguments at any particular one of these requirements from *Donovan*, but cites several cases in which courts have found that there was no ERISA plan, giving their reasons that may not fit neatly into the *Donovan* elements, but that this court finds persuasive. Before discussing them, the court commends to the parties *Hensley v. Philadelphia Life Ins. Co.*, 878 F. Supp. 1465 (N.D. Ala. 1995) in which this court quoted *La Buhn v. Bulkmatic Transp. Co.*, 644 F. Supp. 942, 948 (N.D. Ill. 1986), as follows:

> As is typical of these preemption cases, a removing defendant tows the case into the federal harbor only to try to sink it once it is in port.

These defendants conspicuously do not advise McLain how to amend his complaint to state a cause of action under ERISA, much less one that would entitle him to punitive damages.

In *Slamen v. Paul Revere Life Ins. Co.*, the Eleventh Circuit said:

> [N]ot all welfare benefit plans that meet these five criteria are governed by ERISA. . .

> . [P]lans, funds or programs under which no. . . employees or former employees participate are not employee welfare benefit plans under Title I of ERISA.

*Id.* at 1004, *citing Donovan*, 688 F. 2d 1367. This is consistent with the regulation that clarifies the statutory definition of "employee benefit plan" as follows: [f]or purposes of Title I of [ERISA] and this chapter, the term 'employee benefit plan' shall not include any plan, fund or program. . . under which no employees are participants covered under the plan." 29 C.F.R. § 2510.3-3(b). McLain asserts that following the Eleventh Circuit's reasoning in *Slamen*, in which that court found that there was no ERISA plan because the plan did not provide benefits to any employees other than the owner of the business, his plan is not an ERISA plan. The facts now before the court show that McLain and his co-owner were the only participants in the "plan." If *Slamen* is applicable, this arrangement is not an ERISA plan. However, in *Slamen* there was only one owner, not two, as in this case. Perhaps this explains why Unum took so long to decide whether this controversy is governed by ERISA. Its confessed doubt on the subject speaks loudly.

The Supreme Court's reasoning in *Raymond B. Yates, M.D.,P.C. Profit Sharing Plan v. Hendon*, 541 US 1 (2004), is also informative. In its discussion of whether working owners qualify as participants in ERISA plans, the Court looked to various sections of ERISA.  The Court stated that "Title I of ERISA and related IRC provisions expressly contemplate the participation of working

6

owners in covered benefit plans" **when their employees participate as well**. *Id.* at 3. The Court reached this conclusion because Title I contains exemptions from some fiduciary requirements for plans that include working owners as participants, and "[e]xemptions of this order would be unnecessary if working owners could not qualify as participants in ERISA-protected plans in the first place." *Id*. The Court went on to look to Title IV of ERISA which "does not apply to plans 'established and maintained *exclusively* for substantial owners' 29 U.S.C. § 1321(b)(9) (emphasis added)," but does apply to plans "in which substantial owners participate *along with* other employees. *Id.* This reasoning led the Supreme Court to conclude that Yates was a participant in an ERISA plan **because it also covered his employees**. The situation in *Yates* was markedly different from the instant casebecause the other participants in Yates's plan were not owners like the one other participant in McLain's "plan." McLain's situation is more similar to *Slamen,* where only an owner was covered under the policy, and no employees. Furthermore, the Supreme Court looked to Title IV for instruction. When this court looks to Title IV, its provisions regarding plans that are established only for substantial owners necessarily lead this court to the conclusion that this plan is not an ERISA plan.

    McLain also cites a case in which the Fifth Circuit held that ERISA did not apply to particular insurance coverage because only partners were covered. *See Robertson v. Alexander Grant & Co.*, 798

F. 2d 868 (5th Cir. 1986). *Robertson* is consistent with the Supreme Court's later statements in *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 US 1 (2004), that "[p]lans that cover only sole owners or **partners** and their spouses. . . fall outside of [ERISA's] domain." *Id*. at 4 (emphasis added). SELS was a corporation rather than a partnership, but an "S" corporation with only two shareholders is analogous to and indistinguishable from a partnership for the purposes of defendants' motion. The reasoning that exempts a plan covering only partners from ERISA also applies to SELS. The plan at issue here covered only two owners and no employees. Therefore, it is much more similar to a plan covering only partners than to a plan covering owner and non-owner employees.

**Conclusion**

For the above stated reasons, and because the complaint meets the standards of Rule 8(a) of the Federal Rules of Civil Procedure, Unum Life and New York Life's motion to dismiss McLain's action is **DENIED**. Defendants shall answer the complaint by **4:30 P.M., July 9, 2013**.

Done this 21st day of June, 2013.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE